## 67065. MILLER v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was indicted for possession of marijuana with intent to distribute. He filed a motion to suppress evidence seized pursuant to a search warrant on the basis that the affidavit in support of the warrant contained material false statements made by the police officer who signed it. The trial court denied the motion, and we granted appellant an interlocutory appeal.

The police officer averred that he received information from an informant that appellant was distributing marijuana from a residence in Albany, Georgia. The informant allegedly told the officer that he had observed appellant at that residence within a five-day period ending October 28, 1982, and that appellant was at that time in possession of marijuana. The affiant further stated that the informant had proven reliable on at least four other occasions by furnishing the officer with information which led to the arrest of individuals and the confiscation of contraband. Finally, the police officer averred that he had himself observed numerous persons entering the residence at all hours of the day and night, staying for short periods of time, and then leaving.

Appellant claims that he was in his hometown of Miami, Florida, until the early morning hours of October 28, 1982. His claim was corroborated by his mother and his girl friend. In light of the conflicting stories, appellant contends that no informant in fact existed and that the statements allegedly made by an informant were fabricated in order to satisfy the magistrate that probable cause existed to search the residence in question.

At the hearing on appellant's motion to suppress, the state introduced the affidavit upon which the search warrant had been

based, but did not call the affiant to the stand. Appellant's counsel requested that the court allow him to cross-examine the officer as to the actual existence of the informant. The trial court refused this request and instead met privately with the officer, thereafter determining that the informant did in fact exist. The court expressly stated for the record that it had denied appellant the opportunity to cross-examine the affiant. The court also refused appellant's request that the court examine the informant in camera. Appellant enumerates as error the trial court's refusal to grant those requests.

1. Appellant contends that it was error for the trial court to refuse to examine the informant in camera. "The informer's privilege is grounded in [OCGA § 24-9-27 (Code Ann. § 38-1102)] which states that no official shall be 'called on to disclose any state matters of which the policy of the state and the interest of the community require concealment.' The public policy underlying this privilege is to protect and encourage the flow of information to law enforcement officials." *Thornton v. State,* 238 Ga. 160, 163 (231 SE2d 729). "[T]he informer's privilege presents a question of evidentiary rather than constitutional magnitude at a motion to suppress, 'where the issue is the preliminary one of probable cause, and guilt or innocence is not at stake.' [Cit.]" *Keith v. State,* 238 Ga. 157, 158 (231 SE2d 727). The court concluded in *Keith* that "the state need not reveal the names of its informers at a motion to suppress." Id., p. 157. See also *Scull v. State,* 122 Ga. App. 696 (2) (178 SE2d 720). Accordingly, the trial court did not err in failing to compel the state to disclose the informant's identity in camera at the motion to suppress hearing.

2. The Confrontation Clause of the Sixth Amendment, as applicable to the states through the Due Process Clause of the Fourteenth Amendment, guarantees the defendant in a criminal trial the right to cross-examine witnesses against him. *Hines v. State,* 249 Ga. 257 (2) (290 SE2d 911). In *Hines,* the Supreme Court recognized the settled rule that the *scope* of cross-examination is within the sound discretion of the trial court. However, the court noted that the trial judge had cut off *in limine* all inquiry on a subject with respect to which the defense was entitled to a reasonable cross-examination and that that action on the part of the trial court required reversal of the defendant's conviction. In the case at bar, the trial court not only precluded cross-examination on a specific subject, it prohibited cross-examination of the affiant *entirely.* Furthermore, it has been held that " '[w]hether or not an informer really exists is a question of evidence to be decided by the trial court after the officers have been thoroughly questioned and *cross-examined.*' [Cits.]" (Emphasis supplied.) *Pressel v. State,* 163 Ga. App. 188, 191 (292 SE2d 553). Therefore, we hold that it was error for the trial court to totally

prevent cross-examination of the affiant by appellant's counsel. Once the officer is on the stand, the trial court may at that time exercise its discretion in regard to the scope of the cross-examination. Specifically, as noted in Division 1 of this opinion, the identity of the informer is an improper avenue for counsel to explore. Accordingly, we reverse the trial court's denial of appellant's motion to suppress and remand with the direction that a hearing be held in which appellant is given the opportunity to cross-examine the affiant.

*Judgment reversed and case remanded with direction. McMurray, C. J., and Birdsong, J., concur.*

DECIDED JANUARY 4, 1984 —
REHEARING DENIED JANUARY 25, 1984.

*Daniel MacDougald III,* for appellant.
*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney,* for appellee.