## 75438. BUTLER v. THE STATE.
### (364 SE2d 612)

POPE, Judge.

Ira Lee Butler brings this appeal from his conviction and sentence of possessing less than one ounce of marijuana. The three enumerated errors challenge the trial court's denial of his motion to suppress evidence seized during a warrantless search of his person. *Held*:

The record evidence is substantially without dispute. At 4:29 p.m. on Sunday, March 22, 1987 Detective Wilson of the Spalding County Sheriff's Department received a telephone call at his office from a confidential informant. The informant told Det. Wilson that Butler was in possession of a "quantity" of marijuana, "he had it in his pockets" and the informant had "seen him with it," and was presently in the parking lot at the Kroger store, but was only going to be there for a short while before leaving for High Falls State Park in neighboring Butts County. Det. Wilson proceeded immediately to the Kroger parking lot, arrived at 4:38 p.m., and observed Butler standing alone in the middle of the parking lot next to a truck. Det. Wilson had known Butler for some time and recognized him on sight; he also knew that Butler had no personal vehicle of his own. The detective testified: "I pulled up to him. He saw me as I pulled up right beside him. I could tell he was extremely nervous. I asked him what he was nervous about, and — in fact, he took his hands from his pocket, and they were shaking. I asked him what he was so nervous about, and he said nothing. I told him, at that point, I had information he had some drugs on him, to put his hands on the car, I was going to check him.

He started to put his hands on the car, and he came back up. Then I had to use a little minor force to put him on the car and keep him down. At that point, I searched him and found a bag of leafy material in his right front pant's pocket." Butler was then arrested and taken to the Spalding County Sheriff's Department; he was released a short time later after agreeing to assist Det. Wilson in other drug investigations. However, he was subsequently re-arrested several days later and charged with the subject crime.

The confidential informant had provided information to Det. Wilson on three occasions within the preceding eight months which had led to arrests and subsequent guilty pleas on drug-related charges. Det. Wilson testified that the informant was also familiar with marijuana by sight, but there is no record evidence as to when the informant obtained his information in the case at bar.

1. Butler's first enumeration asserts that the information received by Det. Wilson did not establish probable cause because the trial court had no basis on which to determine the reliability of the informant, nor did the court have evidence before it to establish how the informant obtained his information. " 'The "probable cause" requirements for a search without a warrant are the same requirements necessary for the issuance of a warrant by a magistrate.' [Cits.]" *Collins v. State*, 161 Ga. App. 546, 547 (287 SE2d 708) (1982). "We must, therefore, look to the parameters of police knowledge at the time the search occurred to determine if that knowledge was such as would 'justify a man of reasonable caution in believing that an offense has been or is being committed, and this requires merely a probability — less than a certainty but more than a mere suspicion or possibility. (Cits.)' [Cits.]" *Bogan v. State*, 165 Ga. App. 851, 852 (303 SE2d 48) (1983); *Durden v. State*, 250 Ga. 325 (1) (297 SE2d 237) (1982); *Sanders v. State*, 235 Ga. 425, 439-440 (219 SE2d 768) (1975), cert. den., 425 U. S. 976 (1976).

The duty of a reviewing court is to ensure that a "substantial basis" for probable cause existed. We must determine under the "totality of the circumstances" whether the evidence in this case showed a fair probability that contraband or evidence of a crime would be found in a particular place. See *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984). It is well established that neither the basis of an informant's knowledge, nor evidence of his veracity, nor corroboration of these elements is an entirely separate and independent requirement to be exacted in every case, but rather these elements are simply useful in illuminating the common sense, practical question whether there is probable cause to believe that contraband or evidence of a crime is located in a particular place. *Cichetti v. State*, 181 Ga. App. 272 (1) (351 SE2d 707) (1986). "Credibility of witnesses, resolution of any conflict or inconsistency, and weight to be accorded

testimony [are] solely the province of the judge on a motion to suppress. [Cits.]" *Rogers v. State*, 155 Ga. App. 685, 686 (272 SE2d 549) (1980).

The reliability of the informant was shown by his past history of reliability. E.g., *Pressel v. State*, 163 Ga. App. 188 (1b) (292 SE2d 553) (1982); *Mitchell v. State*, 150 Ga. App. 44 (1) (256 SE2d 652) (1979). See generally *Galgano v. State*, 147 Ga. App. 284, 286 (248 SE2d 548) (1978). We find no error in the trial court's refusal to allow defense counsel to cross-examine Det. Wilson as to the details of the three prior cases in which the informant assisted the officer in order to protect the informant's identity. See *Keith v. State*, 238 Ga. 157 (231 SE2d 727) (1977); *Simmons v. State*, 233 Ga. 429, 431 (211 SE2d 725) (1975); cf. *Miller v. State*, 169 Ga. App. 552 (2) (314 SE2d 120) (1984). Although the record shows the informant obtained his information by personal observation, there is no evidence as to when the informant obtained his information in this case. However, the information furnished — albeit scanty — was of sufficient detail to show it to be more than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation. See, e.g., *Pittman v. State*, 162 Ga. App. 51 (1) (289 SE2d 531) (1982); *Collins v. State*, supra; *Register v. State*, 124 Ga. App. 136 (183 SE2d 68) (1971), cert. den., 405 U. S. 919 (1972). Moreover, within minutes of receiving the information, Det. Wilson proceeded to the location and found Butler as indicated. The officer knew Butler on sight, and Butler exhibited extreme nervousness upon the officer's approach. The subsequent search of Butler's person disclosed his possession of marijuana in his pant's pocket as reported by the informant. Under the totality of the circumstances in this case, we find a substantial basis for probable cause to have existed. See *Pritchett v. State*, 134 Ga. App. 254 (1) (214 SE2d 180) (1975), cert. den., 425 U. S. 938, reh. den., 425 U. S. 1000 (1976). See generally *Bradford v. State*, 184 Ga. App. 459 (3) (361 SE2d 838) (1987).

2. "Whether exigent circumstances precluded obtaining a warrant is a question of fact to be determined by the trial court. The judge's decision, if supported by any evidence, is to be accepted. [Cit.]" *Pittman v. State*, supra at 52. Det. Wilson's information that Butler was about to leave the jurisdiction provided ample evidence of exigent circumstances. See *Moore v. State*, 174 Ga. App. 826 (1) (331 SE2d 115) (1985); see also *Collins v. State*, supra; *Smith v. State*, 135 Ga. App. 424 (218 SE2d 133) (1975).

3. Butler's final enumeration cites as error the trial court's refusal to allow cross-examination of Det. Wilson concerning his motives in re-arresting Butler several days after the initial arrest. See generally OCGA § 24-9-64. The trial court ruled: "What happened after [the original detention and search] is entirely irrelevant to this

particular motion which addresses itself to a certain incident that took place in the [Kroger] parking lot on such and such a date, and that's what we have under investigation. . . . All this business that you're talking about afterwards that [Butler] didn't do what he was supposed to do and that's why he's [being prosecuted] . . . may be evidence you might want to bring up before a jury if, and when, it's tried. It has nothing to do with this motion to suppress." We find no error in the trial court's ruling and no abridgement of Butler's right of cross-examination. See *Graham v. State*, 152 Ga. App. 233 (1b) (262 SE2d 465) (1979); see also *Peacock v. State*, 170 Ga. App. 309 (3) (316 SE2d 864) (1984); *Cauley v. State*, 130 Ga. App. 278 (1b) (203 SE2d 239) (1973), cert. den., 419 U. S. 877 (1974).

We find no ground for reversal for any reason assigned on appeal. *Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 4, 1988.

*M. Michael Kendall*, for appellant.
*John T. Newton, Jr., Solicitor*, for appellee.