### A91A0396. SWINT v. THE STATE.
(405 SE2d 333)

McMURRAY, Presiding Judge.

Defendant was indicted on two counts for violating Georgia's Controlled Substances Act, distribution of cocaine. The case was tried before a jury and defendant was found guilty on Count 1 and not guilty on Count 2. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in denying his motion for mistrial after the State's attorney asked defense counsel during voir dire, "you intend to tell me who your witnesses are?"

During voir dire, the State's attorney informed prospective jurors that "[t]he State furnished a copy of a list of witnesses to the Defense . . ." and qualified the prospective jurors as to the witnesses listed by the State. The State's attorney then addressed defense counsel, "you intend to tell me who your witnesses are?" Defense counsel responded, "We move for a mistrial. There is no burden upon us to call any witnesses whatsoever. It's totally improper, Judge, and we object to it and ask for a mistrial and ask that he be admonished for that." The trial court denied the motion for mistrial and admonished the State's attorney, "I don't think there's any requirement that the Defendant furnish a list of witnesses or anything, Mr. Walke. I'll ask you not to refer to that again."

A mistrial is not a viable remedy before a jury has been empaneled and sworn. *Hughey v. State*, 180 Ga. App. 375, 377 (2) (348 SE2d 901). A postponement until a new panel of jurors could be selected or a challenge to the poll "are the two remedies available where, upon the call of a case but before a jury is struck, the panel of potential jurors is exposed to a prejudicial remark (or, as here, a prejudicial question). *Nave v. State*, 171 Ga. App. 165, 167 (3) (318 SE2d

753) (1984); *Bankston v. State*, 169 Ga. App. 955 (1) (315 SE2d 671) (1984)." *Cherry v. State*, 174 Ga. App. 145 (1) (329 SE2d 580). "However, this court has held that even though the counsel failed to follow the correct procedure or to use the proper procedural tool, we will not rely upon his inaccurate nomenclature, where the relief sought in a motion is clear. *Lingerfelt v. State*, 147 Ga. App. 371, 373 (249 SE2d 100)." *Hughey v. State*, 180 Ga. App. 375, 377 (2), supra.

In the case sub judice, defense counsel's objection and motion for mistrial pointed to the only available remedy, i.e., that the jury panel be excused and that another panel be made available. See *Giles v. State*, 253 Ga. 144, 145 (2) (317 SE2d 527). Consequently, the controlling issue is whether the venire was tainted by the State's attorney's question to defense counsel, "you intend to tell me who your witnesses are?" In this regard, defendant argues that the question amounted to a "burden shifting comment . . ." which "gave the improper impression to the jury that [defendant] was required to produce witnesses in his defense."

We agree that the State's attorney's question to defense counsel was inappropriate and that it could have improperly led prospective jurors to believe that defendant had a duty to present evidence at trial. However, we find no harmful error since the trial court stated in the presence of the jury panel that he didn't "think there's any requirement that the Defendant furnish a list of witnesses or anything . . ." and since the trial court later instructed the jury that defendant is presumed innocent; that the State has the burden of proving defendant's guilt beyond a reasonable doubt; that "[t]here is no burden of proof upon the Defendant whatever [and that] the burden never shifts to the Defendant to prove his innocence." See *Stone v. State*, 170 Ga. App. 234 (1), 235 (316 SE2d 836). This enumeration is without merit.

2. In his second enumeration, defendant contends the trial court erred in "quashing [his] subpoena for Frankie Diana."

Defendant subpoenaed Frankie Diana and Mr. Diana appeared to testify at trial. However, before presenting evidence, the State pressed a motion to quash the subpoena, alleging that Diana's testimony would reveal the identity of an unidentified confidential informant. Defense counsel alleged that Diana is an eyewitness to the incident which gave rise to the crimes charged and that his testimony would show that defendant did not distribute cocaine as alleged in the indictment. The State's attorney argued that the identity of police informants is privileged and alleged that defense counsel was "on a fishing expedition in an attempt to find out the confidential informant or to find out who may be a confidential informant." Defense counsel admitted that he had not interviewed Diana before trial, but insisted that Diana's eyewitness testimony was important to defend-

ant's case. Defense counsel then stated, "I'll assure the Court I will not ask Frankie Diana on the stand who the confidential informant is if it's another person" and that he would only question Diana as to matters pertinent to the incident leading to defendant's arrest. The State's attorney later suggested that the trial court "have an in camera interview with this Mr. Diana[; that defendant's attorney] be there, that [a State's attorney] be there and that [defendant's attorney] be ordered not to reveal to anybody what the testimony of Mr. Diana is unless the Court says he's going to testify." In response, defense counsel suggested that "the Court . . . conduct an in camera inspection . . ., just in camera with the witness[; that] neither party be there [and that whatever] the Court says on that, should be the rule." The trial court accepted defense counsel's suggestion and conducted a closed hearing and questioned Diana. (The trial court ordered the certified court reporter to seal the closed hearing transcript.) The trial court then granted the State's motion to quash the subpoena and held "that the State's interest in non-disclosure outweighs that of the Defendant's relevancy or assistance to the Defendant in his defense."

" 'The informer's privilege is grounded in (OCGA § 24-9-27 (Code Ann. § 38-1102)) which states that no official shall be "called on to disclose any state matters of which the policy of the state and the interest of the community require concealment." The public policy underlying this privilege is to protect and encourage the flow of information to law enforcement officials.' *Thornton v. State*, 238 Ga. 160, 163 (231 SE2d 729)." *Miller v. State*, 169 Ga. App. 552, 553 (1) (314 SE2d 120). "Public policy inhering in the need to protect an informer and to encourage information is so strong that it may, in particular circumstances, outweigh a defendant's right to summons a witness even if the witness is essential to the defense. *State v. Mason*, [181 Ga. App. 806, 809 (3) (353 SE2d 915)]. In such a case, . . . there are particular requirements placed upon the defendant to justify identifying or summonsing the informer. The defendant must ask the trial court for an in camera examination of the matter, by first showing not only the *materiality* but the *necessity* of the witness' testimony in the defense. *State v. Mason*, supra, p. 813." *Smith v. State*, 192 Ga. App. 144 (1) (384 SE2d 677). See *Moore v. State*, 187 Ga. App. 387, 388 (2) (370 SE2d 511).

In the case sub judice, defendant was not seeking disclosure of the identity of a confidential informer, nor was he seeking an informer's testimony. Defendant was seeking the testimony of an eyewitness to the incident which formed the basis of the crimes charged.[1]

---

[1] This is evidenced by defense counsel's statement that he would not question "Frankie

Diana was therefore not subject to protection as a confidential informer and defendant did not have the burden of proving the *materiality* or *necessity* of Diana's testimony. To say otherwise would allow the State to assert the "informer's privilege" as a basis for excluding any defense witness who may be familiar with sensitive police information. Consequently, the trial court erred in failing to allow defendant to compel Diana's eyewitness' testimony at trial. See *Roberts v. State*, 72 Ga. 673, 675 (1), 676 (1884). However, we find no reversible error.

" 'No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. . . . Acquiescence deprives him of the right to complain further. (Cits.)' *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536) (1986)." *McGarity v. State*, 190 Ga. App. 139, 140 (2) (378 SE2d 179). In the case sub judice, defense counsel acquiesced in the trial court's ruling by agreeing to a closed hearing to determine the admissibility of Diana's testimony and by suggesting that "the Court . . . conduct an in camera inspection . . ., just in camera with the witness[; that] neither party be there[and that whatever] the Court says on that, should be the rule." Consequently, this enumeration is without merit.

3. In his last enumeration, defendant contends the trial court erred in denying his motion for continuance.

Defense counsel moved for a continuance after the exclusion of Frankie Diana's testimony, arguing that Frankie Diana was defendant's only subpoenaed witness and that he needed additional time to talk to other witnesses to the incident which formed the basis of the crimes charged. Defense counsel did not then name the other witnesses, but stated that one eyewitness was "in the Laurens County Jail" and that other eyewitnesses were known only by their first name and that they may be "in the Laurens County area." The trial court denied the motion for continuance, but he gave defense counsel the opportunity "during the morning or lunchtime or before you're required to put up any evidence to talk with [any witnesses]." The trial court also informed defense counsel that "[i]f you know of some people right now that you want subpoenaed, I'll ask that a subpoena be issued and that the Sheriff's department drop whatever they're doing and locate whoever it is and get them in here. . . ."

"[Defendant] has failed to meet the statutory requirements for a continuance upon the ground of 'the absence of a witness,' OCGA § 17-8-25, nor has he met any other statutory criteria which under the

---

Diana [as to] who the confidential informant is if it's another person" and that he would only question Mr. Diana as to pertinent events leading to defendant's arrest.

circumstances would mandate such relief. Unless otherwise mandated by law, see, e.g., *McGuire v. State*, 185 Ga. App. 233, 236 (363 SE2d 850), ' " '(a) refusal to grant a continuance will not be disturbed by appellate courts unless it clearly appears that the judge abused his discretion in this regard.' (Cits.)" ' *Pope v. State*, 256 Ga. 195, 207 (345 SE2d 831)." *Moore v. State*, 187 Ga. App. 387, 388 (1), supra. Under the circumstances of the case sub judice, we find no abuse of discretion in denying defendant's motion for continuance.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED APRIL 4, 1991.

*Larsen & Flanders, H. Gibbs Flanders, Jr.*, for appellant.
*Ralph M. Walke, District Attorney, L. Craig Fraser, Assistant District Attorney*, for appellee.