A92A2317. BRITT et al. v. THE STATE.
(430 SE2d 28)

Cooper, Judge.

Appellants were indicted for the offenses of possession of marijuana with intent to distribute and possession of marijuana. We granted appellants' interlocutory appeal from the denial of their motion to suppress contraband found in a warrantless search of their vehicle.

At the hearing on appellants' motion to suppress, Special Agent John Cagle of the Georgia Bureau of Investigation testified that he was contacted by a confidential informant on October 16, 1991. Over the past five years, the confidential informant had provided Agent Cagle with information regarding drug activities which had led to five search warrants and seven arrests. The informant told Agent Cagle that two individuals, Britt and a man identified only as "David," were in possession of approximately five pounds of marijuana and were attempting to sell it. The informant related that the men were staying at a motel in the Atlanta area and he could possibly arrange a sale between the agent and the two men. Agent Cagle told the informant to try to arrange the sale. On October 17, 1991, Agent Cagle spoke to the informant and told him to contact the two individuals and ask them to bring five pounds of marijuana to the Huddle House restaurant on U. S. Highway 29 in Gainesville, Georgia. Later that morning the informant contacted Agent Cagle and told him that the sale had been arranged and that two white males driving a maroon and white Dodge pickup truck which possibly had Texas license plates would be at the Huddle House at 11:30 a.m. Shortly before 11:30, Agent Cagle and several other agents began surveillance in the parking lot of the Huddle House. At approximately 11:35, two white males, subsequently identified as appellants, entered the Huddle House parking lot in a maroon and white pickup truck with Texas license plates and drove into a parking space. The agents approached the pickup truck and the truck sped through the parking lot and stopped before an embankment. Appellants were taken out of the truck and read their rights. A search of the truck revealed a zipper bag containing five bags of marijuana.

Appellants argue that the agents lacked probable cause to search the pickup truck. We disagree. As the informant had previously supplied Agent Cagle with information which led to arrests and the seizure of contraband, the information was reliable. *McKinney v. State*, 184 Ga. App. 607 (1) (362 SE2d 65) (1987). The fact that the informant did not disclose the source of his information does not alter our finding of reliability. "The sufficiency of information obtained from an informant is not to be judged by any rigid test. Generally, probable cause is determined by the 'totality of the circumstances'

surrounding (1) the basis of the informant's knowledge and (2) the informant's veracity or reliability. *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983). '(A) deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.' [Cit.] Here, any deficiency in the basis of the informant's knowledge was adequately compensated by the informant's previous record of reliability. Moreover, the details of the tip were corroborated by the personal observation of the investigating officers. When coupled with corroboration by the personal observation of a police officer, a reliable informant's tip is sufficient to establish probable cause for a warrantless search. [Cit.]" *McKinney*, supra at 608-609. Agent Cagle observed a truck matching the description given by his reliable informant park at the exact location where the drug transaction was to take place. The occupants of the truck also matched the description given by the informant. In addition, the truck attempted to drive away when approached by the officers. Considering the totality of the circumstances, we conclude that the agents had probable cause for the arrest and subsequent warrantless search of the truck. Accordingly, we find no error in the trial court's denial of appellant's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 24, 1993 —
RECONSIDERATION DENIED MARCH 24, 1993 ▮▮▮▮▮▮▮▮▮

*Whitmer & Law, George H. Law III*, for appellants.
*C. Andrew Fuller, District Attorney, William M. Brownell, Jr., Assistant District Attorney*, for appellee.