A93A0268. PATTMAN v. THE STATE.
(431 SE2d 706)

COOPER, Judge.
Appellant was convicted by a jury of possession of cocaine with intent to distribute. He appeals from the denial of his motion for new

trial, raising as his sole enumeration of error the denial of his motion to suppress.

The evidence adduced at the hearing on the motion to suppress revealed the following: On April 1, 1991, Officer Graham of the Athens-Clarke County Police Department received a telephone call from a confidential informant who had within the prior three weeks provided Officer Graham with information which led to the arrests of five or six persons for violations of the Georgia Controlled Substances Act. The informant stated that he was presently observing a person known as "Dog" and another known as "Booboo" selling cocaine at a local poolroom. Officer Graham knew that the poolroom was located in an area well known for drug activity and also knew "Dog" to be a street name used by appellant. The informant gave a description of the clothing appellant was wearing and further stated that appellant was concealing the cocaine in his clothing. Officer Graham and several other officers went to the poolroom where they saw a man who fit the description of "Booboo," standing where the informant said he was standing. When "Booboo" saw the officers, he began to run, and all but one of the officers pursued him. The remaining officer walked around to the front of the poolroom where he saw appellant standing with several other men. Appellant was wearing an outfit which matched the description given by the informant. The officer approached appellant with his gun drawn, handcuffed appellant and conducted a pat-down search. The officer noticed that appellant was very nervous. The officer knew that drug sellers sometimes concealed drugs in their groin area, and he waited for another officer so that he could take appellant into the rest room of the poolroom to conduct a more extensive search. When another officer returned, the officers took appellant into the rest room and uncuffed one of appellant's hands so that appellant could assist in the search of his groin area. As soon as appellant's hand was uncuffed, appellant reached into his groin area and pulled out a paper towel which he tossed in the area of the sink. The paper towel was recovered, and inside was a canister containing 40 pieces of suspected crack cocaine. At this time appellant was arrested. At trial, the substance in the canister was positively identified as crack cocaine.

Appellant argues that the search of his groin area went far beyond the type of search authorized by a *Terry* stop, and since appellant was not under arrest until the contraband was found, the search was not authorized as a search incident to a lawful arrest. The State contends that there was probable cause for the search based on the informant's tip.

"The duty of a reviewing court is to ensure that a 'substantial basis' for probable cause existed. We must determine under the 'totality of the circumstances' whether the evidence in this case showed a

fair probability that contraband or evidence of a crime would be found in a particular place. [Cit.] It is well established that neither the basis of an informant's knowledge, nor evidence of his veracity, nor corroboration of these elements is an entirely separate and independent requirement to be exacted in every case, but rather these elements are simply useful in illuminating the common sense, practical question whether there is probable cause to believe that contraband or evidence of a crime is located in a particular place. [Cit.] 'Credibility of witnesses, resolution of any conflict or inconsistency, and weight to be accorded testimony (are) solely the province of the judge on a motion to suppress. (Cits.)' [Cit.]" *Butler v. State*, 185 Ga. App. 478, 479-480 (1) (364 SE2d 612) (1988). The informant in this case had a past history of reliability. The record also reflects that the informant was relaying the information simultaneously with his observation of the drug sales and the officers responded immediately to the scene where the transactions were occurring. Looking at the totality of the circumstances, we conclude that the officers had probable cause to search appellant. See *Butler*, supra.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED MAY 11, 1993 —
RECONSIDERATION DENIED JUNE 1, 1993 ▮▮▮▮▮▮▮▮▮

*McArthur & McArthur, John J. McArthur*, for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.