A98A0623. BAKER et al. v. THE STATE.
(498 SE2d 290)

ELDRIDGE, Judge.
A Douglas County jury found appellants Leah Melissa Baker and Tammy Renee Smith guilty of first degree arson for the burning

of their mobile home, ostensibly in order to alleviate financial woes.[1] Without contesting the factual basis for their convictions, they appeal and raise nine issues of law. We affirm.

1. In their first and second enumerations of error, appellants contend that the trial court: (1) erred by refusing to permit the defense to conduct individual voir dire of each juror separately on the issue of homosexuality, because the opinions expressed by some jurors during general voir dire allegedly "tainted" the remaining jury pool on the issue; and (2) erred by refusing to grant a mistrial when 50 percent of the jurors indicated problems with homosexuality during voir dire.[2] These contentions are without merit.

The record shows that during voir dire of the first panel of prospective jurors, defense counsel's questions attempted to form a connection between the Judeo/Christian beliefs of the jurors and a religious "prejudgment" of homosexuals that, as defense counsel put it, "if not repentant, homosexuals would burn in the fires of hell." The questioning was apparently unfettered, and, apparently, several Douglas County, Georgia, residents expressed religious beliefs in opposition to homosexuality. Defense counsel did not inquire as to whether any of the jurors' religious views on homosexuality would impact on their ability to be fair and impartial to appellants and to judge appellants' guilt or innocence based on the evidence and the charge of the court.

At the conclusion of the first panel's voir dire, defense counsel made a motion for mistrial, arguing to the trial court that "jurors who hold those beliefs [are] unable to be fair and impartial because they come before this court and they come to judge my clients, having already prejudged them of a much greater crime than arson, Your Honor, of a crime against their Savior." Discussion between defense counsel and the trial court then traveled along these metaphysical/religious lines, as reflected in some 63 transcript pages of dialogue. Eventually, the trial court denied the motion for mistrial, concluding that the only relevant issue regarding homosexuality and religious beliefs is whether a prospective juror's religious beliefs relating to homosexuality would impact on his or her ability to fairly and impartially judge the appellants in the trial of the case. The trial court then limited voir dire questions on homosexuality to this issue. When questions were posed to the jurors along these lines, no juror

---

[1] Appellants were indicted for three counts of first degree arson, naming the mortgage holder and insurance company as victims in Counts 1 and 2, and charging foreseeable endangerment to human life in Count 3. Appellants were found guilty on all three counts. Counts 2 and 3 were merged into Count 1 at sentencing.

[2] As to relevancy, the appellants are a homosexual couple; their defense to the charge of arson was that people in the community who abhorred their homosexuality deliberately set fire to their mobile home.

responded that he or she could not be fair and impartial to appellants. The response of the jurors made it clear that their *religious* beliefs regarding homosexuality would not impact on their ability to fairly and impartially judge appellants' guilt or innocence based upon the evidence and the charge of the court.

As to this enumeration of error, we find that:

(a) Defense counsel's religious "prejudgment" argument assumes that those who hold Judeo/Christian beliefs cannot "render unto Caesar the things which are Caesar's and unto God the things that are God's." This assumption is without authority. A belief in God's ultimate judgment does not automatically preclude a person from fairly and impartially sitting in judgment of others based upon the laws of the commonwealth.

(b) OCGA § 15-12-133 gives defense counsel the right to examine jurors individually. The right does not encompass *isolated* examination. *Whitlock v. State*, 230 Ga. 700, 705-706 (198 SE2d 865) (1973). "The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review." Id. at 706 (5). We have reviewed the jurors' general response to defense counsel's *proper* questions regarding homosexuality as it relates to the ability to be fair and impartial in the trial of this case. Based thereon, we find that appellants have not shown any prejudice resulting from the voir dire procedure utilized by the trial court.

(c) A mistrial is not a viable remedy before a jury has been impaneled and sworn. *Swint v. State*, 199 Ga. App. 515 (405 SE2d 333) (1991). However, overlooking the nomenclature used, the jurors' expression of *religious* opposition to homosexuality provided no basis for a remedial motion, when those same jurors also indicated that they could be fair and impartial to the homosexual appellants in the trial of the arson charges against them. OCGA § 15-12-163. The trial court correctly determined that such was the pertinent issue. "When the venireman indicates that he can render a fair and impartial verdict based solely upon the evidence presented at trial, he is prima facie competent to serve." (Citation and punctuation omitted.) *Nelson v. State*, 199 Ga. App. 487, 489 (5) (405 SE2d 310) (1991).

2. No objection was registered with regard to the introduction of a tape recording of appellants' bankruptcy hearing. "Reversal of the trial court is not authorized on the basis of an evidentiary ruling that the trial court was never called upon to make." (Citation and punctuation omitted.) *Allison v. State*, 217 Ga. App. 580, 582 (2) (459 SE2d 557) (1995).

3. Likewise, appellants' three tape-recorded statements made to an arson investigator were admitted without objection. Prior to trial, defense counsel had been provided with transcripts of the tape recordings and, during trial, suggested that the jury be provided with transcripts so that they could "read along while they hear it." In addition, no issue regarding discovery of the tapes pursuant to OCGA § 17-16-1 et seq. was raised by appellants in the trial court. Accordingly, any claims of error based on the admission or the discovery of the tapes are waived for purposes of appellate review. *Brewer v. State*, 219 Ga. App. 16, 19 (4) (463 SE2d 906) (1995).

4. In enumerations 5 and 6, appellants contend that the trial court erred by denying a motion for mistrial based upon prosecutorial misconduct and by refusing to individually voir dire the jurors as to the effect of such misconduct. These contentions are meritless.

Defense counsel informed the trial court that she had seen and heard the prosecutor talking and laughing with a juror regarding a mutual acquaintance. The conversation lasted approximately two minutes while defense counsel watched. Thereafter, defense counsel made a motion for a mistrial on the basis of prosecutorial misconduct and requested that the jurors be voir dired as to who may have witnessed the prosecutor's conversation. Based upon the defense motion: (1) the trial court chastised the prosecutor; (2) the trial court, outside the presence of the remaining jurors, dismissed the juror with whom the prosecutor had spoken; and (3) the trial court voir dired the remaining jurors as to whether any juror had seen the prosecutor, or any witnesses, speak with members of the jury. No juror responded affirmatively. Following the trial court's curative actions, defense counsel neither renewed her motion for mistrial nor requested individual voir dire of the jurors on the subject.

In order to preserve an issue for appellate review after curative actions have been taken, the motion for mistrial must be renewed or the issue is barred. See *O'Kelley v. State*, 175 Ga. App. 503, 508 (4) (333 SE2d 838) (1985); see also *Bowman v. State*, 222 Ga. App. 893, 895 (476 SE2d 608) (1996); *Pless v. State*, 260 Ga. 96, 99 (390 SE2d 40) (1990). Appellants' failure to renew the mistrial motion is fatal to a claim that the trial court's thorough curative actions were somehow insufficient.

Further, with regard to *individual* voir dire of the jurors as to the prosecutor's misconduct, we do not find reversible error in the failure to give what was not requested.

5. In their seventh enumeration, appellants challenge the testimony of two state arson experts, contending that one expert's testimony was based solely upon the written report of the other expert and was, thus, cumulative and improperly "bolstering." Appellants contend that the trial court erred in admitting such testimony over

objection. Our review of the transcript citations provided by appellants reveals no such objection was made at trial. This claim of error is waived. *Lewis v. State*, 208 Ga. App. 656, 658 (431 SE2d 445) (1993).

6. Appellants contend in enumeration of error no. 8 that the trial court erred by failing to charge the jury on reckless conduct. This claim of error, unsupported by argument or citation of authority, is deemed abandoned. Court of Appeals Rule 27 (c) (2).

7. Finally, we find no error in the trial court's refusal to charge the jury on the defense of "equal access." The Equal Access Doctrine is a defense as to the element of "possession" in a case involving contraband and has no application herein. See, e.g., *Ancrum v. State*, 197 Ga. App. 819, 821 (399 SE2d 574) (1990); *Brown v. State*, 190 Ga. App. 324, 327 (378 SE2d 908) (1989); *Jackson v. State*, 188 Ga. App. 834, 838 (5) (374 SE2d 777) (1988).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 26, 1998 ▮▮▮▮

*Cathy M. Alterman, Thomas M. West*, for appellants.
*David McDade, District Attorney, James E. Barker, Assistant District Attorney*, for appellee.