## A06A2384. MITCHELL v. THE STATE.
### (644 SE2d 147)

BARNES, Chief Judge.

Howard Mitchell, Sr., appeals his convictions for aggravated assault with a deadly weapon, a handgun, upon a police officer in the execution of his office and obstruction of an officer by resisting arrest and refusing to obey lawful commands. He contends the trial court erred by denying his motion for a mistrial after a potential juror stated in voir dire that she worked in the jail and had seen papers on Mitchell. Mitchell argues that this comment suggests that he had a history of interaction with law enforcement. He also contends the trial court erred by denying his requested charge on the lesser included offense of simple assault and also erred by allowing the State to make an improper argument that suggested that the jurors should ignore his defense counsel's argument. We find no merit to these contentions and affirm Mitchell's convictions.

1. Mitchell's contention regarding the denial of his motion for a mistrial is based on the comments of one juror during voir dire stating that she worked at the county jail and saw the paperwork on everyone charged with crimes. Mitchell's counsel moved for a mistrial, and after the motion was denied and curative instructions given, renewed his motion. He contends on appeal that the juror's comments "irretrievably tainted the jury pool to the extent that he could not receive a fair trial."

A mistrial is not a proper remedy, however, before the jury has been empaneled and sworn. *Baker v. State*, 230 Ga. App. 813, 815 (1) (c) (498 SE2d 290) (1998); *Swint v. State*, 199 Ga. App. 515 (1) (405 SE2d 333) (1991). When a panel of potential jurors is exposed to a prejudicial remark or question, the remedies are to request a postponement until a new panel of jurors can be selected or to challenge the poll of the jury. *Cherry v. State*, 174 Ga. App. 145 (1) (329 SE2d 580) (1985). Even though counsel has failed to follow the correct procedure or to use the proper procedural tool, however, we will not rely upon his inaccurate nomenclature, when the relief sought is clear. *Lingerfelt v. State*, 147 Ga. App. 371, 373 (1) (249 SE2d 100) (1978).

Control of voir dire is vested in the sound discretion of the trial court and appellate courts will not interfere with that discretion unless it has been abused. *Lamb v. State*, 241 Ga. 10, 12 (1) (243 SE2d

59) (1978); *Anderson v. State*, 236 Ga. App. 679, 682 (3) (513 SE2d 235) (1999). " 'The test to be applied is whether the remarks were inherently prejudicial and deprived defendant of his right to begin his trial with a jury free from even a suspicion of prejudgment or fixed opinion.' " (Footnote omitted.) *Hash v. State*, 248 Ga. App. 456, 458 (2) (546 SE2d 833) (2001).

In this case, we find no abuse of discretion. After Mitchell's motion for a mistrial, the trial court instructed the jury that everyone charged with a crime, must have his charges

> processed through the jail's office, . . . that will occur in each case and so you should not hold the fact that this defendant, as each defendant's paperwork [must] be processed through the jail. You should not in any way hold that against this defendant whatsoever. The defendant, as you have already been instructed earlier and as I will give you instructions later, has no burden of proof upon him whatsoever. The burden is entirely upon the State and the defendant is to be presumed innocent in regard to this case. . . . If you are not able to proceed with that understanding, please raise your hand now. Very well the record will show all jurors indicate an agreement and an ability to proceed in accordance with the Court's instructions.

We find this curative instruction was adequate to cure any prejudice which might have resulted from the potential juror's statement.

2. Mitchell further contends the trial court erred by denying his requested charge on what he alleges was the lesser included offense of simple assault. He contends this charge was warranted because he testified that he did not have a gun or point or aim a gun at the officer at the time of the event. The officer testified, however, that he grabbed the gun as soon as it came out of Mitchell's pocket. Pretermitting whether the evidence authorized a charge on simple assault, however, the record shows that Mitchell did not request this charge in writing. Therefore, the trial court did not err by refusing to give such a charge. *Bullock v. State*, 202 Ga. App. 65 (413 SE2d 219) (1991), overruled on other grounds, *Brewer v. State*, 271 Ga. 605 (523 SE2d 18) (1999). "A trial judge never errs in failing to include a charge on a lesser included offense unless there is a written request to charge." (Citations omitted.) *Mosley v. State*, 257 Ga. 382, 383 (2) (359 SE2d 653) (1987).

3. Finally, Mitchell contends the prosecutor improperly urged the jury to ignore what his defense counsel would state in her closing argument by comparing her role to an octopus that emits black ink in the water. The record shows, however, that the prosecutor did not

refer to the defense counsel in the argument. Instead, the prosecutor mentioned several animals, e.g., bear, skunk, and octopus, and then described the defense mechanisms of the animals. In the case of the octopus, the prosecutor said that it used its ink to cloud the water so that one could not see. At this point, Mitchell objected to the argument, and the trial court gave the following curative instructions that, "attorneys are able to use analogies, they are able to use descriptions and illustrations, and that it is an appropriate way of argument. However, I would note to you that both the State and the Defendant's counsel have roles to fulfill in this case." The prosecutor then resumed the argument by urging the jurors "to fan the water" and look through the defendant's defenses and state that they believe the testimony of the police officer. Mitchell again objected, and the trial court instructed the jury:

> It would be inappropriate for you to disregard out of hand what either attorney may say in closing argument. What the attorneys say in closing argument is not evidence, as I have mentioned to you before, but you should listen with an open mind to what each of the two attorneys have to say in their closing arguments and, of course, it is up to you ultimately to weigh the evidence and to determine whether the State has carried its burden of proof beyond a reasonable doubt.

Absent the abuse of discretion, control of the range of argument is vested in the trial court. *Towns v. State*, 191 Ga. App. 229, 230 (2) (381 SE2d 405) (1989). Counsel may draw from the evidence properly before the factfinder "any inference apparently reasonable and legitimate." *Smalls v. State*, 105 Ga. 669, hn. 3 (31 SE 571) (1898), but "counsel should confine their argument to the facts, and such authorized inferences arising from the facts, as are properly before the court and the jury." *Brown v. State*, 57 Ga. App. 864, 865 (197 SE 82) (1938). Assuming, without deciding, that the prosecutor's argument was improper, we find that the instructions given by the trial court were sufficient to remove any prejudice from the case. Accordingly, we find no prejudicial error.

4. The argument in Mitchell's appellate brief mentions other possible errors in his trial in addition to those he has set forth in his enumerations of error. As these additional issues were not enumerated as error, they will not be considered on appeal. *Rider v. State*, 226 Ga. 14, 15 (2) (172 SE2d 318) (1970).

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 14, 2007.

*Hilburn & Sumner, Joseph C. Sumner, Jr.*, for appellant.
*Louie C. Fraser, District Attorney, Cheryl A. Banks, Assistant District Attorney*, for appellee.