A11A0640. HALL v. THE STATE.
(714 SE2d 7)

MILLER, Presiding Judge.

Jackie Hall was convicted by a jury of trafficking in cocaine (OCGA § 16-13-31 (a) (1)). The trial court denied his motion for new trial. On appeal, Hall's claims of error challenge the denial of his motion to suppress the drug evidence. Specifically, he contends that the trial court erred in finding (i) that the confidential informant who provided the tip leading to his detention and search was reliable; (ii) that the officers had probable cause for the warrantless search of his person; and (iii) that he had freely and voluntarily consented to the warrantless search. We discern no error and affirm.

In ruling upon a motion to suppress, the trial judge is the trier of fact, having sole province of determining witness credibility and resolving evidentiary conflicts or inconsistencies. See *Pattman v. State*, 208 Ga. App. 770, 772 (431 SE2d 706) (1993). On appeal, we construe the evidence in a light favorable to upholding the lower court's findings, and we adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous. See *Quick v. State*, 279 Ga. App. 835, 836 (632 SE2d 742) (2006). However, we apply a de novo standard of review to the trial court's application of law to those facts that are undisputed. See *State v. Jones*, 287 Ga. App. 259 (651 SE2d 186) (2007).

So viewed, the record evidence shows that on the evening of August 30, 2005, an officer with the City of Atlanta Police Department was approached at the precinct by a confidential informant with whom he and other officers had worked for three years. The officer testified that the informant had provided reliable information in two of his prior cases, which had resulted in drug arrests within the past two years.

The informant advised the officer that Hall was planning to deliver approximately 86 grams of suspected crack cocaine to him at a designated location in downtown Atlanta. The officer was aware that the designated location was known for high drug activity. The informant frequently visited the location and had previously provided accurate information on drug dealers whom he regularly encountered at the location. The informant gave the officer a detailed description of Hall, including the fact that he was an older male, six feet tall, wore a dreadlocks hairstyle, and was dressed in a green and yellow shirt and blue jeans. The informant also provided the exact location for the delivery and the amount of drugs that

would be delivered. The informant agreed to contact the officer upon Hall's arrival at the location and to give a signal that would confirm Hall's possession of the drugs.

Later that evening, the informant called the officer to confirm that he had made contact with Hall and that Hall was at the drug delivery location. The informant told the officer that Hall had concealed the drugs inside his shirt. The officer, along with two other officers, arrived at the location and encountered Hall, who matched the description that the informant had provided. The officers approached Hall, detained him in handcuffs, and placed him against the patrol car. When the officer asked Hall whether he had any drugs or weapons in his possession, Hall responded, "no." The officer then requested and obtained Hall's consent to search his person. Upon searching the inside of Hall's shirt, the officer recovered a bag of crack cocaine, weighing approximately 83.12 grams and having a purity of approximately 63.9 percent.

Hall was indicted for the drug offense of trafficking in cocaine. He filed a pretrial motion to suppress the drug evidence. Following an evidentiary hearing, the trial court denied the motion.

1. Hall challenges the denial of his motion to suppress, contending that the trial court erred in finding that the confidential informant was reliable. We discern no error.

During the suppression hearing, the officer testified that he had known the informant for three years and that the informant had given him accurate information in two of his prior cases, both of which had resulted in drug arrests. The officer further testified that the informant was not paid or given any favors in exchange for providing the information. This evidence reflecting the informant's past history of reliability authorized the trial court's finding that he was reliable in this case. See *Wilson v. State*, 249 Ga. App. 560, 561-562 (549 SE2d 418) (2001) (evidence that the informant had given the officer information about possible illegal activity on two prior occasions that resulted in drug arrests authorized the trial court's finding that the informant was reliable); *Britt v. State*, 208 Ga. App. 157 (430 SE2d 28) (1993) (finding that the informant was reliable since he had previously supplied the officer with information which led to drug arrests).

Hall nevertheless argues that the informant's reliability was not established since the officer failed to ascertain the informant's criminal history and failed to provide details regarding the prior cases in which the informant assisted the officer. Contrary to Hall's argument, however, the fact that the informant had a criminal history did not preclude the trial court's finding that the informant was reliable based upon his prior work with police. See *Zorn v. State*, 291 Ga. App. 613, 614-615 (1) (662 SE2d 370) (2008). Moreover, the

officer was not required to divulge the details regarding the prior cases to establish the informant's reliability. See *Butler v. State*, 185 Ga. App. 478, 480 (1) (364 SE2d 612) (1988) (finding no error in the trial court's refusal to allow defense counsel to cross-examine the officer as to the details of the prior cases in which the informant provided assistance in order to protect the informant's identity). The officer's testimony that the informant had provided information leading to drug arrests within the past two years sufficiently established the type and use of information that had been provided, as well as the length of time which had elapsed since the information was furnished, which afforded a basis for the trial court to determine the informant's reliability. See id. at 479-480 (1) (evidence that the confidential informant had provided information to the detective on three occasions within the preceding eight months which had led to arrests was sufficient to establish the informant's reliability). Compare *Galgano v. State*, 147 Ga. App. 284, 286 (248 SE2d 548) (1978) (concluding that a bare assertion that the informant had provided information in the past was insufficient to furnish a basis for determining his reliability).

"Construing the evidence most favorably to uphold the trial court's findings, as we must, we cannot say that its determination that the informant was reliable was clearly erroneous." (Footnote omitted.) *Wilson*, supra, 249 Ga. App. at 562.

2. Hall further contends that the trial court erred in finding that probable cause existed for his detention and arrest. Again, we disagree.

> The duty of a reviewing court is to ensure that a substantial basis for probable cause existed. We must determine under the totality of the circumstances whether the evidence in this case showed a fair probability that contraband or evidence of a crime would be found in a particular place.

(Citations and punctuation omitted.) *Pattman*, supra, 208 Ga. App. at 771-772.

> Probable cause to search may be provided by information from a reliable [confidential informant]. As we have held, the sufficiency of information obtained from an informant is not to be judged by any rigid test. Generally, probable cause is determined by the totality of the circumstances surrounding (1) the basis of the informant's knowledge and (2) the informant's veracity or reliability. A deficiency in one may be compensated for, in determining

the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability. Further, when the details of a tip are corroborated by the personal observation of the investigating officers, a reliable informant's tip is sufficient to establish probable cause for a warrantless search.

(Citations and punctuation omitted.) *State v. Burnett*, 249 Ga. App. 334, 336-337 (2) (548 SE2d 443) (2001). See also *Illinois v. Gates*, 462 U. S. 213, 230-235 (III) (103 SC 2317, 76 LE2d 527) (1983).

In this case, the information provided by the informant, which was substantially corroborated by the officers, was sufficient to establish probable cause for the warrantless search of Hall's person. As stated in Division 1 above, the informant had a past history of reliability leading to other drug arrests. Moreover, the informant obtained his information based upon his personal knowledge and correspondence with Hall. The officers were able to confirm the details provided by the informant when they observed Hall matching the description at the designated location. Based upon the totality of these circumstances, the trial court was authorized to find that probable cause existed for the warrantless search of Hall's person.[1] See *Burnett*, supra, 249 Ga. App. at 337 (2); *Pattman*, supra, 208 Ga. App. at 772; *Butler*, supra, 185 Ga. App. at 480 (1).

3. Lastly, Hall argues that the drug evidence should have been suppressed since his alleged consent to the search was not freely and voluntarily given. In light of our holding in Division 2 above, it is unnecessary to address the issue of consent. Since probable cause existed, the warrantless search was authorized with or without Hall's consent. See *Williams v. State*, 167 Ga. App. 42, 44 (2) (306 SE2d 46) (1983).

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JUNE 20, 2011 —
RECONSIDERATION DENIED JULY 1, 2011.

*Cromwell & Hibbert, Henry A. Hibbert*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Lenny*

---

[1] To the extent Hall argues that the informant's information was insufficient to predict his future behavior, his argument is without merit. Hall's argument in this regard references a rule that requires an anonymous tipster's information to provide a basis for predicting the suspect's future behavior. See *VonLinsowe v. State*, 213 Ga. App. 619, 620-621 (1) (445 SE2d 371) (1994). While this rule applies to anonymous telephone tips, it does not apply to a tip from a known, reliable informant. See *Wilson*, supra, 249 Ga. App. at 562. The requirement is unnecessary where, as here, the informant's reliability has otherwise been established. Id.

*I. Krick, Assistant District Attorneys*, for appellee.