## A11A1759. WHITE v. THE STATE.
(722 SE2d 198)

MILLER, Judge.

Following a jury trial, Antonio Tyrone White was convicted of possession of cocaine (OCGA § 16-13-30 (a)). White appeals, contending that the evidence presented at trial was not sufficient to support his conviction, and that the trial court erred in denying his motion for a mistrial. Discerning no error, we affirm.

On appeal from a criminal conviction, we view the evidence in a light most favorable to the prosecution to determine whether the evidence was sufficient to prove guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on August 15, 2009, the police were dispatched to a Newton County gas station to investigate reported drug activity; they were given a description of White. Upon arrival at the gas station, the arresting officer observed White and three other individuals sitting on some crates in front of the gas station. When White saw the police vehicle pull into the gas station, he stood up and walked to a garbage dumpster at the back of the gas station. White leaned down on the side of the garbage dumpster, dropped an object onto the ground, stood back up, and continued walking. Observing White's actions, the arresting officer stopped White and immediately investigated the area around the garbage dumpster. The arresting officer located a bag of cocaine lying in that area.

1. White argues that the arresting officer's testimony shows only that White was near a garbage dumpster where cocaine was eventually found, which was insufficient to support his conviction for possession of cocaine. We disagree.

OCGA § 16-13-30 (a) provides that "it is unlawful for any person to . . . possess, or have under his control any controlled substance."

Possession of contraband may be joint or exclusive, and actual or constructive. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it.

(Footnote omitted.) *Jackson v. State*, 306 Ga. App. 33, 35 (1) (a) (701 SE2d 481) (2010). Here, the testimony of the arresting officer established by circumstantial evidence that White was in either constructive or actual possession of the cocaine. As detailed above, the arresting officer witnessed White walk to a garbage dumpster and drop something on the ground next to it; a bag of cocaine was the only item located on the ground next to the garbage dumpster immediately thereafter. Furthermore, from the time the arresting officer arrived at the gas station, White never left his line of sight, and the arresting officer never saw any person other than White approach the area around the garbage dumpster. Based on this evidence, the jury was authorized to infer that White had been in possession of the bag of cocaine found on the ground next to the garbage dumpster. Cf. *Bush v. State*, 305 Ga. App. 617, 618 (1) (699 SE2d 899) (2010) ("The evidence that cocaine was found on the ground, where [defendant] had been observed dropping what appeared to officers to be cocaine, permitted a rational trier of fact to infer that [defendant] had been in possession of the cocaine.") (footnote omitted).

White nevertheless complains that the witnesses gave conflicting testimony. White points to the prior testimony of the arresting officer, reflecting that he had not been able to see whether White had dropped the bag of cocaine. The arresting officer's prior testimony, however, was consistent with his subsequent testimony that he had not been able to ascertain the specific object that White dropped next to the dumpster. White also points to testimony of a witness, who stated that upon the officer's arrival at the gas station, White stood up, went to the garbage dumpster, and threw away a beer. However, "[i]t is solely within the purview of the factfinder to weigh conflicting evidence and judge the credibility of the witnesses." (Punctuation and footnote omitted.) *Benyard v. State*, 311 Ga. App. 127 (714 SE2d 746) (2011). Notwithstanding any conflicts, the evidence in this case, viewed in the light most favorable to the verdict, was sufficient to support White's conviction for possession of cocaine.

2. White also argues that the trial court erred by denying his motion for mistrial, on the ground that "bias and prejudicial interest were demonstrated by the jurors because they were worried about [White's] note-taking." "The abuse of discretion standard applies to the review of the denial by the trial court of a motion for mistrial." (Citation omitted.) *Underwood v. State*, 218 Ga. App. 530, 534 (3) (462 SE2d 434) (1995).

Prior to being sworn, the jury delivered a message to the trial judge that they were concerned with their personal information being made available since they were identified as jurors. White's counsel moved for a mistrial or to otherwise dismiss the jury, arguing that the jury's concern, as a whole, that White had their names and where they worked, was biased or prejudicial on its face.

As an initial matter, a mistrial is not a proper or viable remedy before the jury has been empaneled and sworn. *Baker v. State*, 230 Ga. App. 813, 815 (1) (c) (498 SE2d 290) (1998). "Even though counsel has failed to follow the correct procedure or to use the proper procedural tool, however, we will not rely upon his inaccurate nomenclature, when the relief sought is clear." (Citation omitted.) *Mitchell v. State*, 284 Ga. App. 209, 209 (1) (644 SE2d 147) (2007). "Trial courts have broad discretion to evaluate and rule upon a potential juror's impartiality, based upon the ordinary general rules of human experience," and appellate courts will not interfere with that discretion unless it has been abused. (Citations and punctuation omitted.) *Clack-Rylee v. Auffarth*, 273 Ga. App. 859, 860 (616 SE2d 193) (2005). "The test to be applied is whether the remarks were inherently prejudicial and deprived defendant of his right to begin his trial with a jury free from even a suspicion of prejudgment or fixed opinion." (Citations and punctuation omitted.) *Mitchell*, supra, 284 Ga. App. at 209 (1).

Here, after White's motion for mistrial, the trial court presented to each individual juror a curative instruction, as well as additional voir dire questions, to evaluate their impartiality prior to the commencement of trial. Specifically, the trial judge created and issued the following curative instruction to each juror individually:

> The jury has expressed concern with your names being released or called out as you were called to be seated in the jury box. That is required by law so that the record will show who was selected. Your names will not be released to the media or made available to be used for any improper purpose. The questionnaires you completed are shredded by the clerk and are not filed. No personal information is provided to the attorneys or the parties.

As jurors, you will be expected to listen carefully to the evidence and return a verdict that is based on that evidence, a verdict that is fair and is based on the law that I will give you. Now, does this answer your concerns?

Each juror responded to the trial court's question in the affirmative. Upon further voir dire questioning, as requested by White's counsel, each of the jurors expressed that he or she had not formed any opinion concerning the guilt or innocence of White, did not have any prejudice or bias, either for or against White, and that he or she was perfectly impartial between the State and White.

The trial court's curative instruction and the jurors' responses to the additional voir dire questions were adequate to dispel any alleged juror bias or prejudice. Cf. *Clack-Rylee*, supra, 273 Ga. App. at 862. As such, each juror was prima facie competent to serve. See *Baker*, supra, 230 Ga. App. at 815 (1) (c) ("When the [juror] indicates that he can render a fair and impartial verdict based solely upon the evidence presented at trial, he is prima facie competent to serve.") (citation and punctuation omitted). Therefore, the trial court did not abuse its discretion in denying White's motion for mistrial.

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED JANUARY 18, 2012.

*Eric H. Cho, Jennifer F. Arndt*, for appellant.
*Layla H. Zon, District Attorney, Warren S. Summers, Sr., Assistant District Attorney*, for appellee.

