**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 8, 2013**

# In the Court of Appeals of Georgia

A13A0956. SMITH v. THE STATE.

MILLER, Judge.

Following a jury trial, Neal Garnett Smith was convicted of possession of cocaine and marijuana possession.[1] Smith filed a motion for new trial, which the trial court denied after Smith declined the opportunity to have an evidentiary hearing. On appeal, Smith contends that (1) the evidence was insufficient to support his convictions, and (2) the more than three-year delay in his prosecution violated his constitutional right to a speedy trial. For the reasons that follow, we find that the evidence supports Smith's convictions; however, we vacate the denial of Smith's motion to dismiss his indictment and remand this case with direction.

---

[1] Smith was indicted for trafficking in cocaine (OCGA § 16-13-31 (a) (1)) and marijuana possession with intent to distribute (OCGA § 16-13-30 (j) (1)). The jury convicted Smith of the lesser included offenses of cocaine and marijuana possession.

Viewed in the light most favorable to conviction,[2] the evidence shows that, in November 2008, a detective with the Vidalia police department began a drug investigation involving a Toombs County residence. The residence was leased by Smith's girlfriend. Smith kept his dogs at the residence and his mother lived next door. Following a controlled purchase of illegal drugs at the residence, an officer obtained a search warrant.

On or about November 21, 2008, officers executed the search warrant with help from the Tattnall County Sheriff's Office and the Reidsville Police Department. The detective was on the team that actually made entry into the residence, which had a screened-in front porch. When the officers arrived at the residence, the detective saw a woman standing in the yard in front of the porch. The woman ran into the residence through the front door, and the detective and other officers immediately ran in behind her. When the officers entered the residence, they encountered a few individuals, including Smith's brother. Small bags of marijuana were also found in the bathroom.

.

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

Meanwhile, another team of officers, including a Vidalia police sergeant, entered the back yard of the residence to secure that area. A third team of officers secured the area behind the property. Smith was in the back yard near the dog cages. When the sergeant entered the back yard, Smith took off running. The team of officers behind the property apprehended Smith on the front porch of a residence located on the adjoining property.

When Smith was apprehended, he had cocaine, less than one ounce of marijuana, and $2,600 in cash on or near his person. The cocaine was individually packaged in small bags for sale and had a gross weight of 63.15 grams with an average purity of 41.4 percent.[3] Accordingly, the actual amount of cocaine in the bags weighed approximately 26 grams.

1. Smith contends that the evidence was insufficient to support his convictions. We disagree.

(a) Cocaine Possession

---

[3] The cocaine was received by the Georgia Crime Lab in December 2008 and subsequently tested for weight only. Since this case was originally treated as a federal case, the cocaine was not tested for purity until it was determined that the case would be prosecuted on the State level. The cocaine was resubmitted to the Crime Lab in March 2011 with the original seal intact and was then tested for purity.

"Any person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine, . . . commits the felony offense of trafficking in cocaine[.]" OCGA § 16-13-31 (a) (1). Furthermore, it is unlawful for any person to possess or have under his control any controlled substance. See OCGA § 16-13-30 (a). Since the indictment in this case alleged that Smith possessed more than 28 grams of cocaine, simple possession of cocaine was a lesser offense included as a matter of fact in the charged offense of cocaine trafficking. See *Howard v. State*, 220 Ga. App. 579, 583 (2) (469 SE2d 746) (1996).

> Possession may be either actual or constructive. Constructive possession exists where a person, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, and it must be based upon some connection between the defendant and the contraband other than spatial proximity. For this purpose, power may be inferred from access to the drugs, while the matter of intent may be derived from the surrounding circumstances.

(Citations and punctuation omitted.) *Reid v. State*, 298 Ga. App. 889, 890 (1) (681 SE2d 671) (2009).

As detailed above, the evidence showed that Smith ran from the back yard of his girlfriend's leased residence and had approximately 26 grams of cocaine on or

near his person when he was apprehended on the front porch of the adjoining property. Accordingly, the evidence authorized the jury to infer that Smith had either constructive or actual possession of the cocaine. See *White v. State*, 313 Ga. App. 605, 606 (1) (722 SE2d 198) (2012) (evidence supported finding that defendant had possession of cocaine found on ground next to dumpster where officers saw defendant drop something); *Ware v. State*, 297 Ga. App. 400, 401 (1) (677 SE2d 423) (2009) (evidence supported finding that defendant had actual possession where defendant made throwing motion with his hands and officers found cocaine on the ground where defendant had been standing). Although Smith argues that the witnesses gave conflicting testimony,[4] "it is solely within the purview of the factfinder to weigh conflicting evidence and judge the credibility of the witnesses." (Citation and punctuation omitted.) *White*, supra, 313 Ga. App. at 606 (1). Notwithstanding any conflicts, the evidence was sufficient to support Smith's conviction for cocaine possession.

(b) Marijuana Possession

---

[4] Smith also argues that the evidence was tainted because one of the officers involved in executing the search warrant subsequently resigned and was prosecuted for stealing evidence. Smith's argument is unavailing because the evidence showed that the sergeant in question was not involved with Smith's arrest.

Under OCGA § 16-13-30 (j) (1), it is unlawful for any person to possess marijuana. Here, the evidence showed that Smith had marijuana on or near his person when he was arrested. Accordingly, the evidence was sufficient to support his conviction. See *Smoot v. State*, 316 Ga. App. 102, 113 (6) (729 SE2d 416) (2012); *Johnson v. State*, 299 Ga. App. 706, 711 (1) (e) (683 SE2d 659) (2009).

2. Smith also contends that the more than three-year delay between his arrest and the denial of his motion to dismiss the indictment violated his constitutional right to a speedy trial. For the reasons that follow, we vacate the denial of Smith's motion and remand this case.

In evaluating a defendant's constitutional speedy trial claim, a trial court must engage in a balancing test that considers four factors - the length of the delay, the reason for the delay, when the defendant asserted his right, and whether the defendant was prejudiced. *Barker v. Wingo*, 407 U. S. 514, 530 (IV) (92 SC 2182, 33 LE2d 101) (1972). The trial court must first consider whether the relevant interval or period of delay is sufficiently long to be considered presumptively prejudicial. See *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008). If the trial court determines that the delay is presumptively prejudicial, the trial court must then consider "whether [the] delay before trial was uncommonly long, whether the government or the criminal

6

defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U. S. 647, 651 (II) (112 SC 2686, 120 LE2d 520) (1992). The trial court's order on a defendant's speedy trial claim "must provide sufficient findings of fact and conclusions of law to permit this Court to determine if the trial court properly exercised its discretion under the *Barker* analysis." (Citation omitted.) *State v. Porter*, 288 Ga. 524, 526 (2) (a) (705 SE2d 636) (2011). We apply an abuse of discretion standard in reviewing the denial of Smith's motion to dismiss his indictment. See *Fallen v. State*, 289 Ga. 247, 248 (710 SE2d 559) (2011).

Here, the record shows that the State's prosecution was delayed because the United States' Attorney's Office ("USAG") took the case initially with the intent to prosecute Smith. When the USAG informed the State in March 2011 that it would not be prosecuting Smith, the cocaine had to be sent back to the State Crime Lab for quantitative analysis. The State then submitted the case to the next grand jury, and Smith was indicted on September 1, 2011. Smith subsequently moved to dismiss his indictment on constitutional speedy trial grounds. The trial court denied Smith's motion, and Smith was tried on the indictment and convicted in February 2012.

Despite the more than three year delay between Smith's arrest and his trial, we are unable to provide proper appellate review of Smith's speedy trial claim because neither the transcript of the hearing on Smith's motion, nor the order denying his motion to dismiss the indictment are included in the record on appeal. See *Higgenbottom v. State*, 288 Ga. 429, 430-431 (704 SE2d 786) (2011) (holding that trial court's limited findings were insufficient to allow determination of whether trial court abused its discretion in denying defendant's motion to dismiss his indictment on constitutional speedy trial grounds). Since this Court cannot ascertain if Smith's right to a speedy trial was violated we must remand for findings of fact and conclusions of law consistent with *Barker* and *Doggett*. Accordingly, we vacate the order denying Smith's motion to dismiss his indictment and remand this case for proceedings consistent with this opinion.

*Judgment affirmed in part, vacated in part, and case remanded with direction. Barnes, P.J., and Ray, J., concur.*