**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 17, 2015**

# In the Court of Appeals of Georgia

A15A1013. YORK v. THE STATE.

MILLER, Judge.

Following a jury trial, Abdur Raashidyd York was convicted of burglary (OCGA § 16-7-1 (a) (2011)). York appeals from the denial of his motion for new trial, contending that the trial court erred in admitting evidence of other crimes at his trial under OCGA § 24-4-404 (b), and that the trial court erred in denying his motion to dismiss based on constitutional speedy trial grounds. For the reasons that follow, we affirm the trial court's admission of other acts evidence[1] and vacate the denial of York's motion to dismiss and remand this case back to the trial court with direction.

---

[1] For purposes of our analysis under OCGA § 24-4-404 (b), we use the term "other acts" to include "other crimes, wrongs, or acts" as set forth in the statute. See *State v. Jones*, 297 Ga. 156, 158 (1), n.1 (773 SE2d 170) (2015).

Viewing the evidence in the light most favorable to the verdict,[2] the evidence shows that on the early morning of April 27, 2011, Kristina Craig drove York and David Robinson from Atlanta to Buford in Gwinnett County. Craig dropped off York and Robinson near a gas station, and York and Robinson were carrying book bags when they left. When York and Robinson returned to the vehicle, they were wearing gloves and they discussed having to sell some cigarettes.

A few hours later, the owner of a Chevron gas station in Buford arrived at work to find that the front glass door had been shattered. The owner observed that several items, including cigarettes, phone cards, and a blue bank bag containing receipts, were missing. The gas station owner called 911 and relayed his observations.

At trial, the trial court, over York's objection, allowed the State to introduce other acts evidence showing that York, Robinson, and Craig burglarized two convenience stores in Forsyth County on April 28, 2011.[3] Specifically, York and Robinson entered the first convenience store by breaking the glass front door, and entered the second convenience store in a similar manner. Shortly after responding

---

[2] See *Thomas v. State*, 296 Ga. App. 231, 232 (674 SE2d 96) (2009).

[3] Craig pled guilty to two counts of burglary arising out of the April 28 incidents in Forsyth County.

2

to the alarm calls, Forsyth County deputy sheriffs stopped Craig's vehicle, in which York and Robinson were passengers, because it was the only vehicle in the area at the time of the burglaries. The deputy sheriffs conducted a search pursuant to Craig's consent and uncovered a pry-bar, backpacks, gloves, rolled and loose coins, and merchandise, including cartons of cigarettes, belonging to the burglarized convenience stores. The deputy sheriffs also found a blue bank bag on the floorboard where York had been sitting.

The Forsyth County Sheriff's Office turned over the blue bank bag to the Gwinnett County Police Department, and a Gwinnett County police detective took the bag to the owner of the gas station that was burglarized on April 27. The gas station owner testified at trial and identified the blue bank bag and its contents as having been taken from his store.

1. On appeal, York contends that the trial court erred in admitting other acts evidence showing that he burglarized two Forsyth County convenience stores. We discern no error.[4]

---

[4] Since York's trial was held after January 1, 2013, Georgia's new Evidence Code governs this contention. See *Bradshaw v. State*, 296 Ga. 650, 655 (3) (769 SE2d 892) (2015).

Under OCGA § 24-4-404 (b),

> [e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Moreover, under OCGA § 24-4-403, "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." These provisions track their federal counterparts. See Rules 403 and 404 (b) of the Federal Rules of Evidence. For this reason, in determining the admissibility of evidence of other acts under our own Rules 403 and 404(b), Georgia appellate courts have adopted the same three-part test used by the Eleventh Circuit Court of Appeals for determining the admissibility of other acts evidence under the federal rules. See *Bradshaw v. State*, 296 Ga. 650, 656 (3) (769 SE2d 892) (2015).

Under that three-part test, the State must show that: (1) evidence of extrinsic, or other, acts is relevant to an issue other than a defendant's character; (2) the probative value of the other acts evidence is not substantially outweighed by its undue prejudice; and (3) there is sufficient proof so that the jury could find that the

4

defendant committed the act in question. See *Bradshaw*, supra, 296 Ga. at 656 (3) . The trial court's decision to admit evidence of other acts is reviewed on appeal for a clear abuse of discretion. Id. at 657 (3).

Here, York only challenges the second prong of the three-part test, arguing that the undue prejudice from admitting evidence of the two Forsyth County burglaries substantially outweighed their probative value. His claim has no merit, because the Forsyth County burglaries were factually similar to the charged offense, as all three burglaries targeted convenience stores and in each case entry was made by breaking the glass front door. Additionally, the charged offense was in close temporal proximity to the other acts, as the charged offense occurred one day before the Forsyth County burglaries, and evidence recovered from the Forsyth County burglaries, i .e., the blue bank bag, connected the other acts to the charged offense. In light of these circumstances, we conclude that the trial court did not abuse its discretion in admitting evidence of the Forsyth County burglaries. See *Bradshaw*, supra, 296 Ga. at 657-658 (3) (providing that whether the probative value of the other acts evidence is substantially outweighed by its unfair prejudice calls for a discretionary determination in which the trial court exercises "a common sense assessment of all the circumstances surrounding the extrinsic offense, including

prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness.") (citation and punctuation omitted); see also *United States v. Sanders*, 668 F3d 1298, 1314 (III) (B) (11th Cir. 2012) (Federal Rules of Evidence 404 (b) is a rule of inclusion allowing "extrinsic evidence unless it tends to prove *only* criminal propensity") (emphasis supplied).

2. York contends that the trial court erred in denying his motion to dismiss on constitutional speedy trial grounds. We conclude that the trial court failed to adequately address York's claim and, for this reason, we vacate the denial of York's motion to dismiss and remand the case.

When considering a motion to dismiss on speedy trial grounds, the trial court must conduct a two-part test as set forth in the United States Supreme Court decisions in *Barker v. Wingo*, 407 U. S. 514, 530 (92 SCt 2182, 33 LEd2d 101) (1972), and *Doggett v. United States*, 505 U. S. 647, 651-652 (112 SCt 2686, 120 LEd2d 520) (1992). See *Stewart v. State*, 310 Ga. App. 551, 552-553 (713 SE2d 708) (2011). First, the trial court must determine whether the interval from the defendant's arrest, indictment, or other formal accusation to trial is sufficiently long to be considered "presumptively prejudicial." (Citations omitted.) *Stewart*, supra, 310 Ga. App. at 552. If the delay is presumptively prejudicial, the trial court must then determine whether

6

the defendant has been deprived of his right to a speedy trial by analyzing a four-part balancing test that considers (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) prejudice to the defendant. Id. at 553.

In reviewing the trial court's resolution of a speedy trial claim, we must accept the court's findings of fact if the record contains any evidence to support them, and we will defer to the trial court's "ultimate conclusion . . . unless it amounts to an abuse of discretion, even though we might have reached a different conclusion were the issue committed to our discretion." *State v. Buckner*, 292 Ga. 390, 391 (738 SE2d 65) (2013). "[T]he trial court's order must provide sufficient findings of fact and conclusions of law to permit this Court to determine if the trial court properly exercised its discretion under the *Barker*[-*Doggett*] analysis." (Citation omitted.) *State v. Porter*, 288 Ga. 524, 526 (2) (a) (705 SE2d 636) (2011).

(a) **Presumptive Prejudice**.

"The pretrial delay is measured from the accused's arrest, indictment, or other formal accusation, whichever comes first, to the trial or, if the accused files a motion to dismiss the indictment, until the trial court denies the motion." (Citation and

punctuation omitted.) *State v. Curry*, 317 Ga. App. 611, 613 (2) (a) (732 SE2d 459) (2012).

The indictment in this case was returned in September 2011, and York was arrested on the charged offenses in May 2013. The trial court ruled on York's motion to dismiss in April 2014. The 31-month delay between the return of the indictment and the trial court's order was presumptively prejudicial. See *Ditman v. State*, 301 Ga. App. 187, 189 (1) (687 SE2d 155) (2009) (pretrial delay exceeding 12 months is presumptively prejudicial). Therefore, we will proceed to review the trial court's findings with respect to the second stage of the *Barker-Doggett* analysis.

(b) ***Barker-Doggett* Balancing Test**.

With regard to the balancing test,

> [n]o one factor is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. The four factors emphasized in *Barker* and *Doggett* do not constitute an exhaustive list; they have no talismanic qualities and must be considered together with such other circumstances as may be relevant given the animating principles behind the speedy trial guarantee. Thus, the second stage of the constitutional speedy trial analysis requires courts to engage in a difficult and sensitive balancing process and necessarily compels them to approach speedy trial cases on an ad hoc basis.

(Punctuation and footnotes omitted.) *Ruffin v. State*, 284 Ga. 52, 55-56 (2) (b) (663 SE2d 189) (2008). This Court is not permitted to weigh the *Barker-Doggett* factors

8

in the first instance where the trial court has failed to do so. See *State v. Pickett*, 288

Ga. 674, 679-680 (2) (d) (706 SE2d 561) (2011). Accordingly, we look to the trial

court's order in this case and examine each factor in turn.

(i) **Length of the delay**.

> It is important that trial courts not limit their consideration of the lengthiness of the pretrial delay to the threshold question of presumptive prejudice and remember to count it again as one of four criteria to be weighed in the balancing process at the second stage of the *Barker-Doggett* analysis. This is because uncommonly long delays have a tendency to compromise the reliability of trials in ways that neither party can prove or, for that matter, identify. As a result, the weight accorded the other factors in the balancing test depends, to a large degree, on the length of the delay.

(Citations and punctuation omitted.) *Hayes v. State*, 298 Ga. App. 338, 341 (2) (a)

(680 SE2d 182) (2009).

Here, the trial court listed the length of a delay as a separate factor and

concluded that "the disposition of this case has not been timely" and caused prejudice

to the defendant. This, however, is merely a rehash of the trial court's finding that the

delay was presumptively prejudicial. There is nothing in the trial court's order

indicating that it considered whether the pretrial delay was uncommonly long given

the circumstances of the case. "To the extent the trial court overlooked this factor in

the four-factor balancing process, it erred." *Ruffin*, supra, 284 Ga. at 59 (2) (b) (i).

9

(ii) **Reasons for the delay**.

The second *Barker-Doggett* factor requires trial courts to analyze "both the reason for the delay and whether this is attributable to the defendant or the [S]tate." (Citation and punctuation omitted.) *Hayes*, supra, 298 Ga. App. at 341 (2) (b). In evaluating the reasons for the delay, courts are required to "assign[] various degrees of weight to the different reasons provided by the prosecution and the defense respectively." *Layman v. State*, 284 Ga. 83, 85 (663 SE2d 169) (2008). The second *Barker-Doggett* factor is "pivotal in evaluating the strength of a constitutional speedy trial claim, as it can color the consideration of all other factors." (Citation omitted.) *Phan v. State*, 290 Ga. 588, 593 (1) (b) (723 SE2d 876) (2012).

In its order denying York's motion to dismiss, the trial court found that York's case was delayed due to an overcrowded docket, because three different prosecutors had been assigned to the case, and because the trial court effectively stayed the case pending resolution of York's Forsyth County case. The trial court also noted that the case was continued for four consecutive months at the State's request because certain witnesses were unavailable, even though there is evidence that York objected to at least three months of that continuance. The trial court also concluded that at least two months of the delay were attributable to York because his trial counsel was granted

10

a leave of absence, and that an unspecified period of delay was due to York's attempts to obtain the transcript of his Forsyth County trial.

The trial court's analysis on the second *Barker-Doggett* factor is incomplete. First, the trial court failed to consider the delay between the return of the indictment in September 2011 and the first call to trial in March 2012, and there is no apparent reason for this delay. "[W]hen there is no apparent reason for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial." (Footnote omitted.) *Goddard v. State*, 315 Ga. App. 868, 872 (2) (b) (729 SE2d 397) (2012).

Next, although the trial court considered the delay after the case was initially called in March 2012, and concluded that the State and York were both responsible for the delay after this date, it erred because it failed to determine whether this factor was neutral or whether one party was more responsible for the delay, and it failed to assign weights to the different delays.[5] See *Culbreath v. State*, 328 Ga. App. 153, 161

---

[5] Of the 31 months of pretrial delay, the trial court held York responsible for two months of delay due to trial counsel's absence. Although the trial court also held York responsible for an unspecified amount of time while he attempted to get the trial transcript from his Forsyth County case, the trial court noted, and our review of the record confirms, that the evidence on this matter is unclear. Although this Court cannot make such factual findings or assign blame in the first instance, we note that the majority of the delay appears to be attributable to the State based on overcrowded

11

(4) (b) (ii) (761 SE2d 557) (2014); *Teasley v. State*, 307 Ga. App. 153, 160 (2) (b) (704 SE2d 248) (2010).

(iii) **Assertion of the right to a speedy trial.**

"The relevant question for purposes of the third *Barker-Doggett* factor is whether the accused has asserted the right to a speedy trial in due course." (Punctuation and footnote omitted.) *Ruffin*, supra, 284 Ga. at 63 (2) (b) (iii).

Here, York was indicted in September 2011, and he filed his motion to dismiss on constitutional speedy trial grounds in February 2014. The trial court did not err in concluding that York's failure to assert his speedy trial claim for more than two years weighed heavily against him. See *Brown v. State*, 287 Ga. 892, 896 (2) (c) (700 SE2d 407) (2010) (defendant's two-year delay in asserting right to speedy trial weighed heavily against him).

(d) **Prejudice**.

As to the prejudice factor, there are three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to

---

dockets, changes in prosecuting attorneys, and the trial court's decision to allow the Forsyth County trial to proceed first. See *Ruffin*, supra, 284 Ga. at 60 (2) (b) (ii) (delays caused by overcrowded dockets, the government's failure to provide adequate prosecutors, and mere convenience of the prosecution are attributable to the State).

minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired. Impairment of the defense is the most important component of the prejudice factor because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

(Citations and punctuation omitted.) *Brown*, supra, 287 Ga. at 895-896 (1) (d).

York did not claim below that he was subjected to oppressive pre-trial incarceration.[6] Rather, he asserted that he suffered great anxiety and concern while he was incarcerated, because he was moved to several detention centers, he was separated from his young daughter, he lost income, and he learned that his brother died. The trial court correctly concluded that these anxieties were insufficient to establish a constitutional violation. See *Brewington v. State*, 288 Ga. 520, 524 (3) (b) (iv) (705 SE2d 660) (2011) (generalized anxieties stemming from incarceration, such as being separated from one's family, do not rise to the level of a constitutional violation).

York also claimed that he was prejudiced because an alibi witness died in December 2011. York proffered that the witness would have testified that York was

---

[6] To the extent York argues oppressive pre-trial incarceration now, for the first time on appeal, he is precluded from doing so. See *Alexander v. State*, 279 Ga. 683, 685 (2) (b) (620 SE2d 792) (2005).

13

at a recording studio in Atlanta at the time of the Gwinnett burglary. Without deciding whether this witness's testimony would have been favorable, the trial court concluded that York suffered no prejudice because the alibi witness's death occurred before York's case first appeared on a trial calender in March 2012. As noted above, however, the trial court failed to consider the pretrial delay between York's indictment in September 2011 and the first scheduled trial date of March 2012. If witnesses die or disappear during a delay, the prejudice is obvious, and the trial court erred in finding no prejudice. See *State v. Redding*, 274 Ga. 831, 834 (561 SE2d 79) (2002).

(C) **Balancing the four factors.**

The Georgia Supreme Court has made clear that trial courts must "consider and *weigh* all four factors under the circumstances of each case[.]" (Emphasis supplied.) *Porter*, supra, 288 Ga. at 533 (2) (d). As set forth above, the trial court's order failed to make findings of fact regarding whether the delay was uncommonly long; the trial court failed to indicate whether York or the State were more responsible for the delay and what weight it gave to this factor; and the trial court erred in finding that York suffered no prejudice from the death of a potential alibi witness. In light of these circumstances, the trial court did not properly balance the four *Barker-Doggett*

factors. Accordingly, the trial court's order on York's motion to dismiss on speedy trial grounds must be vacated and the case remanded for trial court action consistent with this opinion. *Porter*, supra, 288 Ga. at 533-534 (2) (e).

*Judgment affirmed in part; vacated and remanded in part. Andrews, P. J., and Branch, J., concur.*