**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 16, 2016**

# In the Court of Appeals of Georgia

A15A2214. SMITH v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Neil Smith was convicted of possession of cocaine and possession of marijuana. He appealed, challenging the sufficiency of the evidence and the denial of his motion to dismiss the indictment on speedy trial grounds. See *Smith v. State*, 323 Ga. App. 668 (747 SE2d 859) (2013). This court found sufficient evidence to support the convictions. Id. at 669-670 (1). But because the record lacked a hearing transcript for, or a written order denying, the motion to dismiss, appellate review of the denial of the speedy trial claim could not be conducted. Id. at 671 (2). Accordingly, this court vacated the denial of the motion to dismiss and remanded the case to the trial court for it to make the required findings of fact and conclusions of law. Id. Upon remand, the trial court determined that previously no formal hearing

had been held and no written order had been entered on the motion to dismiss. The trial court therefore held an evidentiary hearing, after which it entered a written order denying the motion to dismiss. Smith appeals, challenging the denial of his motion to dismiss. But because the trial court did not abuse its discretion in denying the motion, we affirm.

1. *Stipulated facts.*

Once again, the record before us does not contain a transcript of the hearing held on the motion to dismiss. However, unlike the first appeal in this case, the record now contains a written order which includes findings of fact and conclusions of law. The order also indicates that an evidentiary hearing was held, that Smith presented no evidence at the hearing, and that he instead relied on certain stipulated facts.

Those stipulated facts provide that Smith was arrested on the underlying drug charges on November 21, 2008. In February 2009, he was sent to a federal penitentiary where he was held for a probation revocation on other charges. The United States Attorney's office indicated to the state that it intended to prosecute Smith on the drug charges in federal court, so the state did not pursue the case. But in March 2011, the U. S. Attorney informed the state that its office would not prosecute the charges, so the state took over the case. The drugs in question had to

2

be re-tested, which the state caused to be done on March 18, 2011. In July 2011,

Smith was returned to state custody for pretrial detention. In August 2011, the drug

test results were provided to the district attorney. The case was presented to the grand

jury in September 2011, and Smith was indicted.

The case was placed on the court's November 2011 trial calendar. On

November 10, 2011, at a calendar call, Smith filed his motion to dismiss on speedy

trial grounds. When the motion was denied, Smith requested a continuance, to which

the state consented. The case was continued to the next trial calendar, when Smith

was tried before a jury beginning on February 27, 2012. The jury found Smith not

guilty of the greater offenses of trafficking in cocaine and possession of marijuana

with intent to distribute, but guilty of the lesser offenses of possession of cocaine and

marijuana.

2. *Denial of motion to dismiss on speedy trial grounds.*

> When considering a motion to dismiss on speedy trial grounds, the trial court must conduct a two-part test as set forth in the United States Supreme Court decisions in *Barker v. Wingo*, 407 U. S. 514, 530 (92 SCt 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U. S. 647, 651-652 (112 SCt 2686, 120 LE2d 520) (1992). First, the trial court must determine whether the interval from the defendant's arrest, indictment, or other formal accusation to trial is sufficiently long to be considered presumptively prejudicial. If the delay is presumptively prejudicial, the trial court must then determine whether the defendant

3

has been deprived of his right to a speedy trial by analyzing a four-part balancing test that considers (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) prejudice to the defendant.

In reviewing the trial court's resolution of a speedy trial claim, we must accept the court's findings of fact if the record contains any evidence to support them, and we will defer to the trial court's ultimate conclusion unless it amounts to an abuse of discretion, even though we might have reached a different conclusion were the issue committed to our discretion. The trial court's order must provide sufficient findings of fact and conclusions of law to permit this [c]ourt to determine if the trial court properly exercised its discretion under the *Barker-Doggett* analysis.

*York v. State*, 334 Ga. App. 581, 584 (2) (780 SE2d 352) (2015) (citations and punctuation omitted). In the instant case, the trial court's order includes sufficient findings of fact and conclusions of law to permit this court to determine whether the trial court properly exercised its discretion in denying the motion to dismiss. For the following reasons, we find no abuse of discretion.

a. *Presumptive prejudice.*

"Speedy trial rights attach at the time of arrest or formal indictment, whichever is earlier." *Salahuddin v. State*, 277 Ga. 561, 562 (2) (592 SE2d 410) (2004) (citation omitted). Here, Smith was arrested in 2008 and indicted in 2011, so his speedy trial rights attached at the time of arrest. The trial court properly determined that the delay of approximately three years and three months between his arrest and trial was

4

presumptively prejudicial. See *State v. Porter*, 288 Ga. 524, 526-527 (2) (b) (705 SE2d 636) (2011) (delay of one year generally considered to be presumptively prejudicial).

b. *Four-part Barker-Doggett balancing test.*

Because the delay was presumptively prejudicial, the trial court correctly moved to an analysis of Smith's speedy trial claim under the four-part balancing test set forth above. In reviewing the trial court's analysis for an abuse of discretion, we note that "[t]hese four inquiries have no talismanic qualities and must be considered together with such other circumstances as may be relevant in light of the animating principles of the speedy trial guarantee. No one element is either necessary or sufficient to conclude that the right to a speedy trial has been violated." *Sweatman v. State*, 287 Ga. 872, 873 (2) (700 SE2d 579) (2010) (citations and punctuation omitted).

(i) *Length of delay.*

The trial court found that the pretrial delay here was not uncommonly long and did not weigh heavily against the state. The court did not make any further finding that the length of delay weighed against the state at all, even lightly, so for purposes

of this appeal we construe the order as failing to find that this factor weighs against the state. The court's failure to weigh this factor against the state was error.

Where, as here, "the delay passes the threshold test of presumptive prejudice, the length of delay is considered a second time by factoring it into the *Barker[-Doggett]* analysis. The extent to which delay can be seen as uncommonly long depends to some extent on the complexity and seriousness of the charges in that case." *Leopold v. State*, 333 Ga. App. 777, 781 (2) (a) (777 SE2d 254) (2015) (citations and punctuation omitted). The trial court did not find, and the state has made no showing, that there was anything particularly complex about the drug charges brought against Smith. By comparison, in the presumably more complex context of a murder case, the Georgia Supreme Court has held that a delay of two years and two months "far exceeds the one-year benchmark for presumptive prejudice, and is unusual even in comparison with other non-capital murder cases. . . . Accordingly, this factor weighs against the [s]tate on the *Barker-Doggett* scale." *Ruffin v. State*, 284 Ga. 52, 58-59 (2) (b) (i) (663 SE2d 189) (2008) (citation omitted). Likewise, we find that the pretrial delay of more than three years in this drug case was uncommonly long and that this factor must therefore be weighed against the state. See *Leopold*, supra (finding that pretrial delay of three years in drug

6

case was uncommonly long and weighed against the state). "To the extent the trial court [found to the contrary] in the four-factor balancing test, it erred." *Ruffin*, supra at 59 (2) (b) (i).

(ii) *Reasons for the delay.*

The trial court found that the primary reason for the delay was the early indication of the U. S. Attorney's office that it would pursue the case, that the state then pursued the case diligently as soon as the federal authorities indicated that they had decided not to prosecute the case, and that there was no evidence the state had attempted to undermine Smith's defense. Accordingly, the trial court concluded that "the delay is weighed lightly against the [s]tate."

As shown by the stipulated facts recounted above, the trial court's findings of fact were supported by the record and its legal conclusion to weigh this factor, albeit not heavily, against the state was correct.

> Common reasons for delay include overcrowded dockets, the government's failure to provide for sufficient numbers of judges, prosecutors, or indigent defense counsel, *neglect by the prosecution or other government agents, mere convenience of the prosecution*, or the desire to avoid the expense of separate trials for two defendants involved in the same crime. Each of these reasons must be counted against the government in the *Barker-Doggett* analysis, though less heavily than delay designed to sabotage the accused's case.

7

*Dillard v. State*, 297 Ga. 756, 761 (4) (778 SE2d 184) (2015) (citations and punctuation omitted; emphasis supplied).

Here, the reason for the delay was neglect by the state and mere convenience of prosecution occasioned by the state's reliance on the U.S. Attorney's indication that it would pursue the case. We note that the state does not escape blame for the delay due to the actions of other government authorities because in the *Barker-Doggett* analysis, the "government" includes all government actors, so "[t]he relevant inquiry for purposes of the second factor is not whether the prosecutor or the accused bears more responsibility for the delay, but whether the government or the criminal defendant is more to blame for that delay." *Ruffin*, supra at 61 (2) (b) (ii) (citation, punctuation, and emphasis omitted). In this case, the government clearly is more to blame for the delay than Smith. And because, as the trial court correctly found, there is no evidence that the state deliberately delayed as an attempt to sabotage the defense, this factor weighs less heavily against the state than a deliberate delay. See id. at 60 (2) (b) (ii) (negligence is weighed more lightly than a deliberate intent to harm the defense); *State v. White*, 282 Ga. 859, 862 (2) (b) (655 SE2d 575) (2008) (if the delay on the part of the state is negligent, but not deliberate, it is weighed against the state as a relatively benign factor).

(iii) *Assertion of right to speedy trial.*

Smith contends that the trial court erred in determining that his motion to dismiss was not filed early enough to establish that he actually wanted a speedy trial. The contention is without merit.

"While appellant was not required to seek a speedy trial at the first available opportunity, it was incumbent upon him to put the [s]tate on notice that he preferred to be tried as soon as possible." *Dillard*, supra. Indeed,

> invocation of the speedy trial right need not await indictment, information, or other formal charge; the accused can begin demanding that the right to a speedy trial be honored as soon as he or she is arrested. The relevant question for purposes of the third *Barker-Doggett* factor is whether the accused has asserted the right to a speedy trial in due course. This requires a close examination of the procedural history of the case with particular attention to the timing, form, and vigor of the accused's demands to be tried immediately.

*Ruffin*, supra at 63 (2) (b) (iii) (citations and punctuation omitted).

Here, it is undisputed that Smith waited nearly three years after his arrest to assert his speedy trial claim for the first time in his motion to dismiss. Moreover, once that motion was denied, he immediately sought a continuance. Under these circumstances, Smith did not assert his right to a speedy trial in due course and this

"third factor, which is entitled to strong evidentiary weight, [is weighed] against appellant." *Dillard*, supra (citation and punctuation omitted).

(iv) *Prejudice.*

"As to the prejudice factor, there are three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired." *Brown v. State*, 287 Ga. 892, 895-896 (1) (d) (700 SE2d 407) (2010) (citation and punctuation omitted).

In this case, as the trial court found, most of Smith's pretrial incarceration, from February 2009 to July 2011, was due to his being held in a federal penitentiary for a probation violation of other unrelated charges. And Smith has failed to show that he otherwise suffered any oppressive pretrial incarceration as a result of the charges in this case. Moreover, the record does not reflect that Smith testified "regarding [any] alleged anxiety or offer[ed] any other admissible evidence on that issue." *Porter*, supra at 530 (2) (c) (4).

Likewise, Smith has not shown that his defense was impaired by the delay. The only claim that he makes in this regard is to cite to two state witnesses' testimony that they did not remember certain facts and had to have their recollection refreshed by

reference to documents. However, a review of the trial transcript reveals that those two witnesses testimony was in fact refreshed, and Smith has simply failed to claim or show how his defense was prejudiced by the fact that the memory of these two witnesses had to be refreshed. Indeed, because the state must prove every element of its case beyond a reasonable doubt, "the dimming of memories and loss of evidence that inevitably accompany the passage of time tend to help rather than hinder the accused[.]" *Ruffin*, supra at 62 (2) (b) (iii) (citations omitted). Under these circumstances, "[t]he trial court's conclusions in . . . regard [to the prejudice factor] are supported by the record. Accordingly, the trial court properly weighed the fourth criterion against [Smith]." Id. at 65 (2) (b) (iv).

c. *Conclusion.*

As explained above, the trial court erred in failing to weigh the first factor - length of the delay - against the state. "However, even if the trial court significantly misapplies the law or clearly errs in a material factual finding, the trial court's exercise of discretion is due to be affirmed if the appellate court can conclude that, had the trial court used the correct facts and legal analysis, it would have had no discretion to reach a different judgment." *Dillard*, supra at 762 (4) (citation and punctuation omitted). Here, although the trial court misapplied the first *Barker-*

11

*Doggett* factor, we affirm the case because "even if the trial court had properly weighed the [first] factor . . . against the government, it was incumbent upon the trial court to find no constitutional error given appellant's long delay in asserting his right to a speedy trial and his failure to demonstrate prejudice. [Cits.]" Id. at 763 (4). See also *Phan v. State*, 287 Ga. 697, 700 (699 SE2d 9) (2010) (Nahmias, J., concurring) (delayed assertion of the right to a speedy trial and lack of prejudice are the two factors that most often weigh heavily against defendants and support the conclusion that speedy trial rights have not been violated).

In *Ruffin*, the trial court erred in several respects in its legal analysis of the *Barker-Doggett* factors governing the defendant's speedy trial claim. *Ruffin*, supra at 65 (3). Nevertheless, our Supreme Court ruled that in spite of those multiple errors, the trial court did not abuse its discretion in denying the motion to dismiss the indictment because of the defendant's "failure to present any persuasive evidence of 'prejudice' as that term is used in the *Barker-Doggett* analysis." Id. at 65-66 (3). The Supreme Court further noted that the defendant's relatively late assertion of the speedy trial right was an important factor in finding no abuse of discretion and in affirming the trial court's denial of the motion to dismiss. Id.

In this case, the trial court, unlike the trial court in *Ruffin*, did not commit multiple errors in its speedy trial analysis. Rather, it committed only one error in failing to expressly weigh the length of the delay against the state, while correctly analyzing all the other factors. Although we do not minimize such an error in the analysis, we are compelled to find, as the Supreme Court did in *Ruffin*, that in spite of the error, the trial court did not abuse its discretion in denying the motion to dismiss given the failure of the appellant to show any persuasive evidence of prejudice and his relatively late assertion of the speedy trial right. Indeed, this is the same result reached by our Supreme Court in *Dillard*, where the trial court misapplied only the second *Barker-Doggett* factor, but the appellant's delay in asserting his speedy trial right and failure to demonstrate prejudice made it incumbent upon the trial court to find no constitutional error. *Dillard*, supra at 763 (4). Accordingly, because the trial court did not abuse its discretion in denying Smith's motion to dismiss on speedy trial grounds, that judgment must be affirmed. See *Ruffin*, supra at 65-66 (3).

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*